Judge Underwood
delivered the opinion of the Court.
In this case a trial took place upon a count in assumpsit, for $400, had and received by Dana, to the use of Barrett. Pleas, non assumpsit and set off. The court erred in refusing to instruct thejuryasin case of a non-suit. The proof was, that Dana had received for Barrett, “Ohio bills,” to-wit: bank notes on banks in the state of Ohio. This was such a variance between the cause of action, as set out, and that proved, as made it proper to give the instruction. Bank notes, for some purposes, may be regarded as money; Jones, &c. vs. Overstreet, IV. Monroe, 547, and the authorities referred to in that case, but strictly, they are property and not money, and in many cases decided by this court, they have been regarded as nothing more than property. The reception of bank notes by Dana for Barrett, *7 could not, therefore, impose any duty or obligation on Dana, beyond delivering to Barrett the identical notes received for him, or on failure, to account for their value. The declaration should have so stated the cause of action. Assumpsit for money had and received, cannot be maintained, where property and not money is the thing received by the defendant, to the use of the plaintiff. Lucket vs. Bohannon, III. Bibb, 378.
Bank note are not cu» ¿‘^eref'cre* when dne°rno demand at residence is {^t debtor mustseefchis creditor, if i» tlie state‘
Whether a demand of the “Ohio bills” should have been specially averred in the declaration, is a question which may arise upon the return of the cause, by an amendment of the declaration, and, therefore, it is proper we should decide it. Dana’s letter to Barrett acknowledges the reception of $206 in Ohio bills, states thathe could not pay it to Hubbard and take his receipt, because he had gone to St. Louis, and that he would retain the money until further orders were received from Barrett. Dana is a citizen of Kentucky, and Barrett a non-resident. We do not regard bank notes as cumbrous property, which is to be paid at the residence of the debtor, if the place of payment be not expressly stipulated, or if, from all the circumstances, another place of payment be not understood as agreed on by the parties. See Chambers vs. Winn, Hardin, 80. Bank notes; like militia certificates, Clay vs. Huston’s administrator, I. Bibb, 461, may be paid any where, are more easily transported than specie, and, therefore, if bank notes are owing from one to another, it is the duty of the debtor to pay them to the creditor, if to be found in the state; Littell vs. Nichols’s administrator, Hardin, 68. But as Barrett was not within the state, it was not the duty of Dana to hunt him up out of the state, for the purpose of making payment. It follows, that Barrett was bound to call on Dana and demand the Ohio bills, or to give further orders in respect to them, as-contemplated in Dana’s letter. If such orders were given and-Dana failed to obey them, his failure would amount to a breach of the promise contained in his letter, and might be regarded as equivalent to a demand on the part of Barrett, and a refusal on the part of Dana to pay. Regarding the Ohio bills to be paid by Dana, on demand, the question arises whether the *8 writ may tiot be a sufficient demand. This questions settled by the case of Stucker’s administrators vs. Miller, V. Littell, 235, in which an obligation to pay bank notes on demand, is treated like obligations to pay other Commodities, and in which case, the dis-tinclion'is taken between an obligation to pay bank notes on demand, and an obligation to pay money' on demand. Upon the latter, a suit may be brought, and the writ will be considered a sufficient demand. Cotton vs. Reavill, &c. II. Bibb, 101; Leathers’s representatives vs. M‘Glasson, III. Monroe, 224; but upon the former, a demand must be made before suit brought. The law must be the same, whether the contracts be express or implied, written or parol. We are, therefore, of opinion that the declaration should aver, in this case, a special demand, and that sope requisitos is not sufficient.
Yet, if bank botes be due on demand, special de-demand must be averred in declaration. Saepe requisites, is insufficient.
Balance due,! from one partner to another, upon settlement of partnership transactions, is good set off, provided they have agreed on that balance.
Dana, for plaintiff; Chinn, for defendant.
The question presented on the record, relative to the plea of set-off, is not important, so far as it regards the matter, whether it shall be decided to be two plea? instead of one, because on another trial, this will, no doubt, be obviated; but as it regards the contents of the plea, at least that part of it which the circuit court adjudged bad, on demurrer, it is proper to settle the law. We are of opinion that a balance due from one partner to another, upon a settlement of the partnership transactions, may constitute the foundation for a set-off, provided the partners have settled their accounts and agreed on the balance due from one to the other. For such balance, one partner may maintain assumpsit against the other. Watson, 396; Gow. 98-99. We perceive no good reason why it may not equally be claimed as a set-off.
The judgment of the circuit court is reversed, and the cause remanded for new proceedings, not inconsistent with this opinion.
The plaintiff in error must recover his costs»
Mills and Haggin, for appellant; Triplett, for appellee.